The Honorable Karen A. Overstreet
Chapter 11
Hearing Location: 700 Stewart St., Rm. 7206
Hearing Date: November 17, 2010 (on shortened time)
Hearing Time: 9:30 a.m.
Response Date: November 17, 2010 (time of hearing)

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| In re<br><br>FREDERICK D. BERG,<br>      Debtor.<br>_____<br>In re<br><br>MERIDIAN TRANSPORTATION RESOURCES, LLC, a Washington limited liability company,<br>      Debtor.<br>_____<br>In re<br><br>MERIDIAN TRANSPORTATION RESOURCES (CALIFORNIA), LLC,<br>      Debtor.<br>_____<br>In re<br><br>MERIDIAN TRANSPORTATION RESOURCES (CANADA), Ltd.,<br>      Debtor.<br>_____<br>In re<br><br>MTR LEASING, LLC,<br>      Debtor.<br>_____ | Lead Case No. 10-18668-KAO<br>(Administratively Consolidated with Case Nos. 10-23755-KAO, 10-23756-KAO, 10-23757-KAO, 10-23759-KAO, 10-23761-KAO)<br><br>EMERGENCY MOTION FOR INTERIM ORDER (1) APPROVING POST-PETITION LOAN FACILITY; (2) APPROVING GRANT OF LIENS PURSUANT TO § 364; AND (3) SETTING FINAL HEARING |

EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL - 1
#777207 v1 / 40572-001

*Law Offices*
K ARR T UTTLE C AMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

In re

GEOGENIUS, LLC,

                  Debtor.

## I. RELIEF REQUESTED

Meridian Transportation Resources, LLC ("**MTR**"), Meridian Transportation Resources (California), LLC ("**MTR CA**"), Meridian Transportation Resources (Canada), LLC ("**MTR Canada**"), MTR Leasing, LLC ("**MTR Leasing**"), and Geogenius, LLC ("**Geogenius**") (MTR, MTR CA, MTR Canada, MTR Leasing, and Geogenius are referred to collectively as the "**MTR Entities**."), hereby move the Court pursuant to 11 U.S.C. § 364(c) and Local Rules 4001-2 and -3 and 9013-1(d)(2)(E) for entry of an Order (1) approving, on an interim basis, a post-petition loan facility with GTO, LLC (the "**Secured Lender**"); (2) approving the grant of liens pursuant to § 364(c), all as subject to final approval following notice and hearing. The MTR Entities also request that the Court set a final hearing on these matters. This motion is based upon the files and records herein and upon the Declaration of Eric Orse in support of the First Day Motions ("**Orse Decl.**").

### A. Summary of Terms of Extension of Credit

| Significant Terms of Proposed DIP Credit Facility | |
|---|---|
| Lender | GTO, LLC |
| Form of Loan | Secured Debt |
| Collateral | All assets of MTR Entities; motor coach Assets of MTR Leasing (the "**Motor Coaches**") |
| Lien Priority | Senior first priority lien over all administrative expenses of the kind specified in 503(b) and 507(b) of the Code for all assets of the MTR Entities except the Motor Coaches, in which Motor Coaches the lien priority shall be subordinate to duly perfected pre-petition liens |
| Lien Avoidance Actions | None |
| Interest Rate | Prime Rate plus 6%; Default rate is Prime Rate plus 11% |
| Payment of Interest | Out of proceeds of 363 Sale |

EMERGENCY MOTION FOR AUTHORITY TO USE CASH
COLLATERAL - 2
#777207 v1 / 40572-001

*Law Offices*
**KARR TUTTLE CAMPBELL**
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

| | |
|---|---|
| Maturity Date | Earlier of (i) 90 days from petition date, (ii) upon closing of any 363 sale of a material portion of a Debtor's assets, (iii) the date on which an Event of Default by a Debtor occurs, (iv) the date on which a suit challenging the post-petition liens or loan documents is filed, (v) 30 days after the Secured Creditor notifies the Debtors that it no longer intends to pursue a 363 sale. |
| Commitment and Facility Fees; Exit Fee; Fees and Expenses of DIP Lender | No Commitment Fee; Fees and expenses of proposed DIP Lender to be paid by Debtors up to a maximum of $25,000. To be paid out of the proceeds of the proposed DIP Loan. |
| Events of Default | (a) the commencement of any action to (i) challenge the validity of Liens, or amounts due, or (ii) assert any claim against the Lender in connection therewith; (b) cessation of Liens or Superpriority Claims granted with respect to the DIP Facility on all Collateral of the Borrowers, other than Motor Coaches, to be first priority and enforceable; (c) failure of court to enter Interim Order within 2 days of petition date, (d) failure of court to enter Final Order within 35 days of petition date, (e) failure by the Debtors to perform or comply with any term, representation, or warranty in any Orders or any Loan Documents (f) if the Debtors' cumulative cash disbursements in any week negatively varies by > 10% in excess on any line item or exceeds scheduled disbursements by > 5% in the aggregate, (g) failure to make any payment of fees, interest or principal when due and not remedied within the permitted time period, (h) dismissal or conversion to a Ch 7 or other liquidation, (i) relief from stay granted to permit foreclosure for creditor other than Secured Lender, (j) other provisions contained in Section 7.01. |

## II. STATEMENT OF FACTS

A. **The Debtor and its Operations**

1. The MTR Entities each filed voluntary petitions (collectively, the "*Reorganization Cases*") under Chapter 11 of the United States Bankruptcy Code (the "*Code*") in the United States Bankruptcy Court for the Western District of Washington at Seattle on November 17, 2010 (the "*Petition Date*").

2. The MTR Entities maintain their corporate headquarters at 1501 Fourth Avenue, Suite 1900, Seattle, Washington 98101. The MTR Entities are doing business as "MTR

EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL - 3
#777207 v1 / 40572-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Western" and their operations include providing services in the western United States and western Canada. *Orse Decl.* at ¶¶ 3 and 4.

3. Each of the MTR Entities is operating its business and managing its assets as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Code. No trustee, examiner, or statutory committee has yet been appointed in the Reorganization Cases.

4. The MTR Entities were organized by Frederick D. Berg ("**Berg**"), who has filed for protection under Chapter 11 of the Code in this Court (Case No. 10-18668-KAO). Diana K. Carey (the "**Berg Trustee**") was appointed to serve as the Chapter 11 Trustee over Berg's bankruptcy estate on August 19, 2010. *Orse Decl.* at ¶ 2. Following her appointment, control of the MTR Entities (and other entities controlled by Berg) was transferred to the Berg Trustee, on August 25, 2010. Included in the First Day Motions is a Motion for the Appointment of a Trustee over the MTR Entities.

5. Because of financial mismanagement by Berg, the MTR Entities are at serious risk of ceasing to operate. *Orse Decl.* at ¶ 4. The MTR Western Business involves providing luxury charter bus services in the regions in which they operate. The MTR Entities have in the past performed at a level that would normally result in profitable operations. As such, the belief is that the assets and goodwill of the MTR Entities could be operated as a going concern following a sale free and clear of liens or a potential reorganization. *Orse Decl.* at ¶ 5. The filing of the Reorganization Cases will allow the MTR Entities to cleanse their assets of the debt servicing burdens that they were improperly saddled with in order that the business can emerge from bankruptcy as a viable going concern. At present, without a significant cash infusion (additional debt or sale of assets of the MTR Entities), filing for bankruptcy is the only sure way to protect and perhaps even increase the value of the MTR Entities. Without filing the

EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL - 4
#777207 v1 / 40572-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Reorganization Cases and proceeding swiftly to an asset sale, it is unlikely that the MTR Entities could survive the next two months without having to terminate all employees and close their business entirely.

B. **Prepetition Secured Debt**

1. The MTR Entities have debt outstanding to Wells Fargo Equipment Financing Corp. ("*Wells*") in the approximate amount of $3,003,712. The MTR Entities have additional debt outstanding to the ABC Companies and its affiliates ("*ABC*") in the approximate amount of $7.327,141. *Orse Decl.* at ¶¶ 7 and 8.

2. Wells has a first position in many of the motor coaches owned and operated by the MTR Entities. *Orse Decl.* at ¶ 6.

3. ABC and its lenders have second and first position security interests in various other motor coaches owned and operated by the MTR Entities. *Orse Decl.* at ¶ 6. The motor coaches referred to in Paragraphs B.2. and B.3. are referred to as the "*Collateral*."

C. **Post-Petition Loan Facility and Pledge of Collateral**

1. The MTR Entities require the benefits of the Senior Secured, Super Priority Debtor-In-Possession Credit and Security Agreement (the "*Financing Agreement*") by and between the MTR Entities (excepting Geogenius) and the Secured Lender. The MTR Entities propose to use the funds from the DIP Loan (defined below) pursuant to the terms set forth herein, and in accordance with the budget (the "*Interim Budget*") attached as Exhibit B to the Orse Decl.

2. Secured Lender is not a creditor of the MTR Entities or the Berg Estate. Secured Lender has signed a letter of intent with the Berg Trustee to purchase substantially all of the assets of the MTR Entities. The letter of intent contemplates a § 363 sale of these assets,

EMERGENCY MOTION FOR AUTHORITY TO USE CASH
COLLATERAL - 5
#777207 v1 / 40572-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

payment in full of all secured claims and the DIP loan, and the assumption of a substantial portion of the trade debt. The contemplated sale will also generate cash for the estate that will potentially be available to pay other creditors of the MTR Entities and the Berg Estate. The Berg Trustee and Secured Lender are presently in the process of negotiating a purchase and sale agreement.

3. The funds from the DIP Loan are necessary to permit the MTR Entities to manage their cash flow and meet the projected expenditures as set forth in the Interim Budget. *Orse Decl.* at ¶ 14.1. Secured Lender has therefore agreed to provide post-petition financing up to $1,300,000 (the "**DIP Loan**") upon the terms and conditions set forth in the Financing Agreement on an uninterrupted post-petition basis. *Orse Decl.* at ¶ 14. The terms of the post-petition financing would be as described herein and set forth in the Financing Agreement.

4. Without access to the DIP Loan, the MTR Entities will be unable to meet their current working capital needs, obtain necessary goods and services, meet customer obligations, attract new business, or possibly even meet payroll. All of which will severely and irreparably damage their business and ability to sustain ongoing operations. *Orse Decl.* at ¶ 14.1. The MTR Entities thus have an immediate and crucial need for access to credit. Funds from the DIP Loan are the only available sources of adequate cash to meet such needs. Therefore, pursuant to Federal Rule of Bankruptcy Procedure 4001(c), the MTR Entities state that an emergency, preliminary hearing to consider obtaining post-petition credit on an interim basis pending a final hearing on this motion is necessary for the reason that the without authority to obtain such credit, the MTR Entities will not be able to sustain operations.

EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL - 6
#777207 v1 / 40572-001

*Law Offices*
**KARR TUTTLE CAMPBELL**
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

## III. LEGAL ANALYSIS

A. **Post-Petition Financing**

1. Section 364(c) of the Bankruptcy code provides that:

(c) If the trustee is unable to obtain unsecured credit allowable under section 503(b)(1) of this title as an administrative expense, the court, after notice and a hearing, may authorize the obtaining of credit of the incurring of debt –

(1) with priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of this title;

(2) secured by a lien on property of the estate that is not otherwise subject to a lien; or

(3) secured by a junior lien on property of the estate that is subject to a lien.

2. The MTR Entities have been unable to procure the required funds in the form of unsecured credit or unsecured debt from any lender other than Secured Lender with an administrative priority. *Orse Decl.* at ¶ 14.1. The circumstances of the Reorganization Cases thus require the MTR Entities to obtain financing under §364(c) and (d).

3. As noted, the MTR Entities expect to very quickly approve a sale of the MTR Entities' assets. The liens granted to Secured Lender under the Financing Agreement and the DIP Loan are junior to duly perfected secured liens of Wells and ABC and thus, the respective interests of Wells and ABC are not impacted.

4. The DIP Loan is in the best interest of creditors and the estates because it is the only means at this critical juncture of continuing operations and implementing the MTR Entities' new business focus. *Orse Decl.* at ¶ 14.4. Moreover, the terms of the DIP Loan reflect good faith, arm's length negotiations and the MTR Entities' exercise of sound business judgment. *Orse Decl.* at ¶ 14.4. Accordingly, the MTR Entities respectfully request that the Court

EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL - 7
#777207 v1 / 40572-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

authorize the MTR Entities to obtain post-petition financing pursuant to § 364(c) of the Bankruptcy Code.

B.  **Good Faith**

1.  The proposed terms and conditions of the DIP Loan are fair and reasonable and were negotiated by the parties in good faith and at arm's length. Accordingly, Secured Lender should be accorded the benefits of § 364(e) of the Bankruptcy Code with respect to the DIP Loan.

## IV.  CONCLUSION

1.  The MTR Entities believe that the terms of the proposed Financing Agreement and DIP Loan provided for therein, are fair and reasonable, in the best interests of the estates and their creditors, and reflects terms that are substantially better than that available in the market for other similar loans.

WHEREFORE, the MTR Entities respectfully request entry of an order in the form of the proposed Interim Order approving the Financing Agreement, granting authority for the MTR Entities to obtain credit, and granting the Secured Lender the liens set forth herein, and setting a final hearing at such time as the Court may direct.

DATED this 15th day of November, 2010.

                KARR TUTTLE CAMPBELL

                By: */s/ George S. Treperinas*
                    George S. Treperinas, WSBA #15434
                    Michael M. Feinberg, WSBA #11811
                    Stephen S. McKay, WSBA #42046
                    Attorneys for the MTR Entities

EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL - 8
#777207 v1 / 40572-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100