The Honorable Karen A. Overstreet
Chapter 11
Hearing Location: 700 Stewart St., Rm. 7206
Hearing Date: December 3, 2010
Hearing Time: 11:00 a.m.
Response Date:

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re<br><br>FREDERICK D. BERG,<br><br>Debtor | Lead Case No. 10-18668-KAO<br>(Administratively Consolidated with Case Nos. 10-23755-KAO, 10-23756-KAO, 10-23757-KAO, 10-23759-KAO, 10-23761-KAO) |
| In re<br><br>MERIDIAN TRANSPORTATION RESOURCES, LLC,<br><br>Debtor | THIRD ORDER APPROVING POST-PETITION FINANCING AND LIEN PRIORITY ON AN INTERIM BASIS SUBJECT TO FINAL HEARING |
| In re<br><br>MERIDIAN TRANSPORTATION RESOURCES (CALIFORNIA), LLC,<br>Debtor | |
| In re<br><br>MERIDIAN TRANSPORTATION RESOURCES (CANADA), Ltd.,<br>Debtor | |
| In re<br><br>MTR LEASING, LLC,<br>Debtor | |
| In re<br><br>GEOGENIUS, LLC,<br>Debtor | |

THIRD ORDER GRANTING AUTHORITY TO
OBTAIN CREDIT ON AN INTERIM BASIS- 1
#779684 v1 / 43835-001

KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Meridian Transportation Resources, LLC ("*MTR*"), Meridian Transportation Resources (California), LLC ("*MTR CA*"), Meridian Transportation Resources (Canada), LLC ("*MTR Canada*"), and MTR Leasing, LLC ("*MTR Leasing*") (MTR, MTR CA, MTR Canada, and MTR Leasing are referred to collectively as the "*MTR Entities*.") and GTO, LLC (the "*Secured Lender*") have petitioned this Court pursuant to 11 U.S.C. § 364(c) and Local Rules 4001-2 and -3 and 9013-1(d)(2)(E) for entry of an order authorizing MTR to obtain post-petition credit from Secured Lender on an interim basis subject to a final hearing:

The MTR Entities filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code (the "*Code*") in the United States Bankruptcy Court for the Western District of Washington at Seattle on November 15, 2010 (the "*Reorganization Cases*"). An expedited hearing was held on November 17, 2010 when the Court approved the DIP Loan on an interim basis. Another hearing extending the DIP Loan approval on an interim basis was held on December 3, 2010.

The MTR Entities and the Secured Lender have entered into a Debtor-In-Possession Credit Facility (the "*Finance Agreement*") that permits the MTR Entities to obtain up to $1,300,000 from the Secured Lender (the "*DIP Loan*").

Pursuant to the Agreement, Secured Lender shall be granted a security interest on "all assets (tangible, intangible, real, personal or mixed) of the Borrowers assets (provided that as to the MTR Entities' motor coaches, the security interest shall be subject to any valid existing security interests of record), whether now owned or hereafter acquired, including, without limitation, accounts, accounts receivable, inventory, cash, cash collateral, equipment, capital stock in subsidiaries, membership interests in subsidiaries, investment property, instruments, chattel paper, real estate, leasehold interests, contracts, copyrights, trademarks, causes of action, and other general intangibles, and all products, additions, accessions and proceeds thereof. (Capitalized terms not defined in this Order have the

THIRD ORDER GRANTING AUTHORITY TO
OBTAIN CREDIT ON AN INTERIM BASIS- 2
#779684 v1 / 43835-001

KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

meaning given to them in the Agreement). The collateral for this security interest shall hereafter be collectively referred to as the *"Collateral."* The obligations owed by the MTR Entities to Secured Lender shall be referred to as the *"Indebtedness."*

The MTR Entities require the immediate extension of credit provided by the DIP Loan to minimize disruption and to avoid the termination of its business operations, and thereby avoid immediate and irreparable harm to its business pending a final hearing pursuant to Bankruptcy Rules 4001(a)(1) and (c)(2) (the *"Final Hearing"*). Secured Lender has consented to the MTR Entities' continued use of funds from the DIP Loan, but only pursuant to the terms and conditions of this Third Interim Order, and the operating budget attached hereto as **Exhibit A** (the *"Budget"*).

MTR's counsel has previously provided a certification pursuant to Local Rule 4001-2(a) and -3 that the terms of this Order comply with this Court's Guidelines for Cash Collateral and Financing Stipulations as applicable to an interim order on obtaining credit, or otherwise delineated where such terms deviate from the standard.

Based on the above stipulation, and the Court having found that sufficient and appropriate notice of the hearing authorizing interim extension of credit was given,

NOW, THEREFORE, it is HEREBY ORDERED:

1. The Motion is granted on an interim basis as set forth herein and in the attached Budget. Capitalized terms not otherwise defined herein shall have the same meanings as set-forth in the Motion.

2. The final hearing (*"Final Hearing"*) on this Motion seeking entry of a final order (*"Final Order"*) shall be held on December 15, 2010 at 9:30 a.m., as the same may be continued from time to time.

3. The MTR Entities are authorized, on an interim basis, to obtain credit from Secured Lender to fund the costs and expenses of its operations through the date that is the earlier of (i) the

THIRD ORDER GRANTING AUTHORITY TO
OBTAIN CREDIT ON AN INTERIM BASIS- 3
#779684 v1 / 43835-001

KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

conclusion of the Final Hearing; or (ii) entry of a subsequent order of the Court terminating the MTR Entities' authority to obtain credit. The MTR Entities' authority to obtain is limited strictly to the amounts and uses of the DIP Loan as set forth in each line item of the Budget and compliance with the borrowing base requirements of the Finance Agreement. Secured Lender specifically reserves the right at its sole discretion to revoke its consent, amend the terms of its consent to the continued extension of credit or demand additional adequate protection at any subsequent hearing on the extension of credit, including the final hearing referenced in <u>Paragraph 2</u>. Secured Lender will permit up to 10% excess on each line item with no more than an aggregate 5% excess a week under the Budget (provided that in no event shall the DIP Loan available to all Borrowers exceed $1,300,000), but line item budgeted expenses not paid in any given week may be rolled over into the next succeeding week and thereafter. The Budget may be extended or modified only with Lender's prior written approval in its sole discretion. Consenting to the line item expenses set forth in the Budget shall not be construed as authorization by Secured Lender for the MTR Entities to accrue, and the MTR Entities shall not accrue, additional liabilities on credit, or create any obligation or agreement on behalf of Secured Lender to subordinate, expressly or by implication, any claims or rights to payment that Secured Lender may now or hereafter hold against the MTR Entities or the bankruptcy estates.

4. In accordance with the provisions of § 364(c), Secured Lender is hereby granted security interests and liens (collectively the "***Postpetition Security Interest***") in and to the Collateral.

5. The Postpetition Security Interests shall be (i) senior in rank, priority and right of payment to all other liens on the all MTR Entities' inventory, chattel paper, accounts, equipment, and general intangibles, provided, that the Postpetition Security Interest in the MTR Entities' motor coaches shall be junior to any existing, nonavoidable valid security interest or lien of record.

THIRD ORDER GRANTING AUTHORITY TO
OBTAIN CREDIT ON AN INTERIM BASIS- 4
#779684 v1 / 43835-001

KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

6. The Postpettiion Security Interests granted to Secured Lender shall be valid and enforceable as of the date of this order. Further, no other lien of any type or nature shall become prior to the Postpetition Security Interests granted herein as to the Collateral by the passage of time or the acquisition of property, tangible or intangible, by the MTR Entities after the date of this Order, provided, that nothing in this Order shall displace any valid, nonavoidable and prior prepetition security interest in the MTR Entities' in the motor coaches.

7. The liens granted hereby shall be valid, perfected and enforceable security interests and liens on the property of the MTR Entities and the MTR Entities' estates without further filing or recording of any document or instrument or any other action, but only to the extent of credit extended during the term of this Order. Notwithstanding the foregoing, the MTR Entities are authorized and directed to execute and deliver to Secured Lender such financing statements, mortgages, instruments and other documents, as Secured Lender may deem necessary or desirable from time to time. To the extent necessary, the automatic stay in effect pursuant to 11 U.S.C. § 362 is hereby modified and lifted to permit the granting of the Postpetition Security Interests as set forth herein.

8. If and to the extent the adequate protection of the interests of Secured Lender in the Collateral granted to Secured Lender pursuant to this Order proves insufficient, Secured Lender shall be entitled to a claim under 11 U.S.C. §§ 503(b) and 507(b) in the amount of any such insufficiency that shall at all times be senior to the rights of the MTR Entities in this proceeding under the Bankruptcy Code and shall have priority over any and all unsecured, administrative and priority claims in this case, whether incurred or arising before or after the Petition Date, the entry of this Order, or conversion of this case pursuant to section 1112 of the Bankruptcy Code or in any other proceeding related thereto, and whether incurred pursuant to § 726(b) of the Bankruptcy Code or otherwise.

THIRD ORDER GRANTING AUTHORITY TO
OBTAIN CREDIT ON AN INTERIM BASIS- 5
#779684 v1 / 43835-001

KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

9. As a condition of this extension of credit, and prior to the MTR Entities obtaining credit, the MTR Entities are directed to deliver to Secured Lender such financial and other information concerning their use of the DIP Loan funds as Secured Lender shall reasonably request. In addition the MTR Entities shall provide Secured Lender with, (i) weekly reports of actual revenues and expenditures (set forth in a format similar to the Budget); and (ii) the monthly financial reporting required by the US Trustee concurrently with the timely filing of the same.

10. In making decisions to permit or restrict the extension of credit to the MTR Entities' in connection with this Order, Secured Lender shall not be deemed to be in control of the operations of the MTR Entities or to be acting as a "controlling person," "responsible person" or "owner" or "operator" with respect to the operation or management of the MTR Entities (as such terms, or similar terms are used in the Internal Revenue Code or any state or federal statute). Consistent therewith, Secured Lender agrees to extend credit to the MTR Entities pursuant to the terms and subject to the conditions of this Order and the Financing Agreement. Secured Lender's agreement shall not constitute or be deemed to constitute a joint venture or partnership of any kind between the Secured Lender and the MTR Entities.

11. The authority of the MTR Entities to obtain credit pursuant to this Order shall terminate automatically upon the earlier of (a) the breach by the MTR Entities of a material term of this Order, provided that if there is a dispute as to the existence or materiality of an alleged breach, such authority to obtain credit shall not terminate for a period of ten (10) business days following Secured Lender's notice to the MTR Entities of the alleged breach to permit the MTR Entities the opportunity to seek the appropriate determination or other relief from the Court, and Secured Lender shall be deemed to have consented to the MTR Entities' right to seek such relief on such shortened time without further order of the Court; (b) this Order is stayed, reversed, vacated, amended or otherwise modified in any respect

KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

without the prior written consent of Secured Lender (which consent may be withheld in its sole discretion); (c) the happening of any of the events described in paragraph 7.01 of the Financing Agreement and the continuance thereof beyond the applicable period of grace provided for therein.

12. If the MTR Entities shall fail to comply with any material provision of this Order, Secured Lender shall have the right, but not the obligation, to note a hearing before this Court seeking such relief as they may deem appropriate upon no less than five (5) days' notice to (i) counsel for the MTR Entities; (ii) counsel for any statutory committee appointed herein; (iii) the Office of the U.S. Trustee; and (iv) all parties that have requested special notice herein, provided that Secured Lender's failure to note or delay in noting a hearing pursuant to the terms of this paragraph shall be in no way deemed its acquiescence in such failure to comply nor a waiver of any rights it may acquire as a consequence thereof.

13. This Order shall not constitute a waiver by Secured Lender of any of its rights under the Financing Agreement or related documents, the Bankruptcy Code or other applicable law, including, without limitation (a) its right to later assert that, notwithstanding the terms and provisions of this Order, any of its interests in the Collateral; or (b) its right to later assert a claim under 11 U.S.C. § 507(b). Secured Lender's failure, at any time or times hereafter, to require strict performance by the MTR Entities of any provision of this Order shall not waive, affect or diminish any right of Secured Lender thereafter to demand strict compliance and performance therewith. No delay on the part of Secured Lender in the exercise of any right or remedy under this Order shall preclude any other or further exercise of any such right or remedy or the exercise of any other right or remedy. Nothing contained herein shall constitute a waiver by Secured Lender of its rights under the Financing Agreement or related documents against the MTR Entities or any guarantor of the MTR Entities'

KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

obligations under the Financing Agreement or related documents, arising due to existing defaults under the same.

14. If any or all of the provisions of this Order are hereafter modified, vacated, terminated, amended or stayed by subsequent order of this Court or any other court, such occurrence shall not affect: (a) the validity of any obligation to Secured Lender incurred or payment made pursuant to this Order; or (b) the validity or enforceability of any lien or priority authorized hereby with respect to Secured Lender. Notwithstanding any such modification, vacation, termination, amendment, or stay any indebtedness, obligation or liability incurred by the MTR Entities to Secured Lender pursuant to this Order prior to the effective date of such modification, vacation, termination, amendment, or stay shall be governed in all respects by the original provisions of this Order, and Secured Lender shall be entitled to all the rights, remedies, privileges and benefits, including, without limitation, the security interests and liens granted herein. Except as otherwise provided herein, nothing contained in this Order shall be deemed or construed to waive, reduce or otherwise prejudice the rights of the MTR Entities, or of Secured Lender under, or with respect to, their respective agreements and the possessory interests, any liens and security interests granted thereunder or in connection therewith including any personal guarantees previously granted in connection with the Financing Agreement. Except as provided herein, each of the parties also reserve and preserve all of their respective rights and remedies under applicable law.

15. The provisions of this Order shall be binding on any trustee appointed by the court in this Chapter 11 case or upon subsequent conversion of this case to one under Chapter 7.

16. This Order shall constitute a final order and shall be effective as of the date of signature by the Court.

THIRD ORDER GRANTING AUTHORITY TO
OBTAIN CREDIT ON AN INTERIM BASIS- 8
#779684 v1 / 43835-001

KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

DATED this ____ day of December 2010.

*Karen A. Overstreet*
United States Bankruptcy Judge
(Dated as of Entered on Docket date above)

Presented by:

KARR TUTTLE CAMPBELL

By /s/ George S. Treperinas
   George S. Treperinas, WSBA #15434
   Michael M. Feinberg, WSBA #11811
   Stephen S. McKay, WSBA #42046
   Attorneys for the MTR Entities

Approved as to Form and Entry by:
CAIRNCROSS & HEMPELMAN, PS

By /s/ John Rizzardi
   John Rizzardi, WSBA # 09388
   Attorneys for GTO, LLC

THIRD ORDER GRANTING AUTHORITY TO
OBTAIN CREDIT ON AN INTERIM BASIS- 9
#779684 v1 / 43835-001

KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

MTR WESTERN CONSOLIDATED ENTITIES

|  | Actuals | | Forecast | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Week Beginning | 15-Nov-10 | 22-Nov-10 | 29-Nov-10 | 6-Dec-10 | 13-Dec-10 | 20-Dec-10 | 27-Dec-10 | 3-Jan-11 | 10-Jan-11 | 17-Jan-11 | 24-Jan-11 | 31-Jan-11 |
| Beginning Cash | $ 132,000 | $ 529,187 | $ 346,799 | $ 13,108 | $ 104,465 | $ 306,528 | $ 326,135 | $ 227,321 | $ 243,791 | $ 103,476 | $ 107,203 | $ 62,256 |
| Current Receivables Collected | 74,489 | 88,691 | 141,993 | 177,717 | 246,063 | 125,000 | - | - | - | - | - | - |
| Future Sales Collected | - | - | - | - | - | 172,407 | 192,539 | 130,013 | 83,685 | 87,727 | 239,552 | 475,381 |
| Per Capita | 25,669 | 32,090 | 26,500 | 17,500 | 17,500 | 17,500 | 17,500 | 17,500 | 17,500 | 17,500 | 17,500 | 17,500 |
| DIP Loan | 375,000 | (100,000) | - | 650,000 | - | - | - | 325,000 | - | - | 50,000 | - |
| Available Cash | 607,157 | 549,968 | 515,292 | 858,325 | 368,028 | 621,435 | 536,174 | 699,834 | 344,976 | 208,703 | 414,256 | 555,137 |
| **Costs of Revenue** | | | | | | | | | | | | |
| Fuel & Oil Expense | 40,161 | 20,000 | 33,839 | 30,000 | 30,000 | 34,000 | 30,000 | 30,000 | 30,000 | 34,000 | 30,000 | 30,000 |
| Other Movement Expense | 43 | 2,530 | 7,000 | 18,427 | 7,000 | 7,000 | 7,000 | 7,000 | 7,000 | 7,000 | 7,000 | 7,000 |
| Driver Expense (excluding payroll) | - | - | 2,750 | 8,250 | 2,750 | 2,750 | 2,750 | 2,750 | 2,750 | 2,750 | 2,750 | 2,750 |
| Travel Expenses | 388 | 887 | 4,500 | 12,225 | 3,600 | 4,400 | 4,900 | 3,600 | 3,600 | 3,600 | 3,600 | 3,600 |
| Washrack Expense | - | - | 2,000 | 6,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 |
| **Personnel Expenses** | | | | | | | | | | | | |
| Salaries & Wages Expense | - | 178,292 | - | 221,708 | - | 190,000 | - | 30,000 | 150,000 | 30,000 | 155,000 | - |
| Payroll Related Expense | 420 | 1,219 | 107,161 | 31,000 | - | 38,000 | 13,000 | 6,000 | 30,000 | 6,000 | 31,000 | 13,000 |
| Other Employee Related Expense | - | 197 | - | - | - | - | - | - | - | - | - | - |
| **Motorcoach & Equipment Expenses** | | | | | | | | | | | | |
| Lease Expense / Debt Service | - | - | 186,000 | 301,193 | - | - | - | 301,193 | - | - | - | 301,193 |
| Maintenance Expense | 243 | - | 7,000 | 21,757 | 7,500 | 8,000 | 7,000 | 7,500 | 7,500 | 7,000 | 7,000 | 7,500 |
| Insurance Expense | - | - | - | - | - | - | - | - | - | - | 105,000 | - |
| Licensing | - | - | - | - | - | - | 100,000 | - | - | - | - | - |
| **Facility Expenses** | | | | | | | | | | | | |
| Rent & Lease Expense | 9,258 | - | 117,785 | - | - | - | 99,053 | - | - | - | - | - |
| Other Facility Expense/Utilities | - | - | 19,500 | 13,000 | - | - | 19,500 | - | - | - | - | - |
| **General & Administrative Expenses** | | | | | | | | | | | | |
| Professional Fees | - | - | 650 | 73,800 | 650 | 650 | 15,650 | 57,500 | 650 | 650 | 650 | 72,500 |
| Bank Fees | 25,000 | - | 400 | 1,200 | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 400 |
| Company Vehicles Expense | - | - | 850 | 3,550 | 850 | 1,350 | 850 | 1,350 | 850 | 1,350 | 850 | 1,350 |
| Company Travel Expense | - | - | - | - | - | - | - | - | - | - | - | - |
| Other G&A Expense | 2,457 | 44 | 12,749 | 11,750 | 6,750 | 6,750 | 6,750 | 6,750 | 6,750 | 6,750 | 6,750 | 6,750 |
| **Ending Cash Balance** | $ 529,187 | $ 346,799 | $ 13,108 | $ 104,465 | $ 306,528 | $ 326,135 | $ 227,321 | $ 243,791 | $ 103,476 | $ 107,203 | $ 62,256 | $ 107,094 |
| DIP Loan Balance | 375,000 | 275,000 | 275,000 | 925,000 | 925,000 | 925,000 | 925,000 | 1,250,000 | 1,250,000 | 1,250,000 | 1,300,000 | 1,300,000 |

EXHIBIT A