George S. Treperinas, WSBA #15434
Stephen S. McKay, WSBA #42046
Karr Tuttle Campbell
1201 Third Avenue, Suite 2900
Seattle, WA 98101
(206) 223-1313

The Honorable Karen A. Overstreet
Chapter 11
Hearing Location: Seattle, Rm 7206
Hearing Date: December 17, 2010 (on shortened time)
Hearing Time: 9:30 a.m.
Response Date: December 17, 2010 (time of hearing)

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re<br><br>FREDERICK D. BERG<br><br>Debtor. | Case No. 10-18668-KAO<br><br>TRUSTEE'S MOTION FOR APPROVAL OF CONSIGNMENT AND SALES AGREEMENT AND SALE OF AUTOMOBILE |

## I. RELIEF REQUESTED

Diana K. Carey ("***Trustee***"), Chapter 11 Trustee for the Debtor, through her undersigned counsel, pursuant to 11 U.S.C. § 363, moves the Court for an Order approving the terms of sale and the resulting sale of the automobile described herein on the terms contained in <u>Exhibit A</u> to the Declaration of Andrew Wilson ("***Wilson Decl.***"), and approving the sale of the asset contemplated therein.

## II. STATEMENT OF FACTS

1. On July 27, 2010, Debtor Frederick D. Berg filed a petition under Chapter 11 of the United States Bankruptcy Code.

MOTION FOR APPROVAL OF CONSIGNMENT AND SALES AGREEMENT AND SALE OF AUTOMOBILE - 1
#780368 v1 / 40572-001

*Law Offices*
**KARR·TUTTLE·CAMPBELL**
*A Professional Service Corporation*
**1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100**

2. On August 19, 2010, an order was entered appointing Trustee over the Bankruptcy Estate.

3. Since appointment, the Trustee and her advisors have diligently searched for assets of the Bankruptcy Estate. Through these efforts, the Trustee has possession of a 2010 Audi S5 Convertible, VIN #WAUVGAFH4AN025053 (the "*Asset*").

4. The Trustee believes that quickly and efficiently liquidating the Asset is in the best interest of the estate. Furthermore, consigning the Asset is in the best interest of the estate, because Landmark Motors, LLC has agreed to insure the Asset while it is in its possession and will store the Asset indoors in a heated facility. Landmark Motors, LLC has further agreed to prepare the Asset for sale, which shall involve among other things, detailing the vehicle and assuring that it is in the best possible condition prior to being sold.

5. By entering into a Consignment and Sales Agreement (the "*Agreement*") with Landmark Motors, LLC, the Asset will be sold in the near future, in an amount that shall not net less than $45,000 for the estate (prior to accounting for any encumbrances on the Asset).

### III. STATEMENT OF ISSUES

Whether the Court should enter an Order permitting the Trustee to enter into the Agreement and to sell the Asset pursuant to the terms of the Agreement free and clear of liens pursuant to 11 U.S.C. § 363?

### IV. AUTHORITY

This Motion is brought pursuant to Fed. R. Bankr. P. 9013, Local Rule 9013, 11 U.S.C. § 363 and 11 U.S.C. § 105. Bankruptcy Code § 363(b) generally provides that the Trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the Bankruptcy Estate. § 363(f) provides that the Trustee may sell property under subsection (b) free and

*Law Offices*
KARR·TUTTLE·CAMPBELL
*A Professional Service Corporation*

1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

clear of interests if (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; and (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of the liens on such property. The Trustee does not believe that any party has a lien, or other encumbrance on the Asset, and that Berg owns the Asset free and clear of liens, encumbrances, or other claims. The sales price for the Asset per the Agreement is not to be less than $45,000.

The Trustee proposes to use the proceeds from the sale contemplated hereby in the normal course or as otherwise approved by the Court.

## V. CONCLUSION

For the reasons stated above, the Trustee respectfully requests that the Court enter an order, (i) approving the terms of the Agreement, (ii) approving the sale of the Asset as contemplated by the Agreement, and (iii) declaring that the sale is free and clear of all liens, claims, and encumbrances (if any) and that such liens, claims, and encumbrances (if any), shall attach with the same priority as they currently exist to the net proceeds received by the Trustee from the purchaser of the Asset.

DATED this 14th day of December, 2010.

KARR TUTTLE CAMPBELL

By: /s/ Stephen S. McKay
George S. Treperinas, WSBA #15434
Stephen S. McKay, WSBA #42046
Attorneys for Diana K. Carey, Chapter 11 Trustee

MOTION FOR APPROVAL OF CONSIGNMENT
AND SALES AGREEMENT AND SALE OF
AUTOMOBILE - 3
#780368 v1 / 40572-001

*Law Offices*
KARR·TUTTLE·CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100