The Honorable Karen A. Overstreet
Chapter 11
Hearing Location: Seattle, Rm 7206
Hearing Date: March 4, 2011
Hearing Time: 9:30 a.m.
Response Date: February 25, 2011

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re<br><br>FREDERICK D. BERG,<br><br>Debtor. | Case No. 10-18668-KAO<br><br>TRUSTEE'S MOTION FOR APPROVAL TO SELL DEBTOR'S ART |

## I. RELIEF REQUESTED

Diana K. Carey ("*Trustee*"), Chapter 11 Trustee for the Debtor, through her undersigned counsel, pursuant to 11 U.S.C. §§ 105(a) and 363, moves the Court for an Order approving the sale of two pieces of art work back to the artist, Cassandria Blackmore. This motion is supported by the Declaration of Diana K. Carey ("*Carey Decl.*").

## II. STATEMENT OF FACTS

1. On July 27, 2010, Debtor Frederick D. Berg filed a petition under Chapter 11 of the United States Bankruptcy Code.

2. On August 19, 2010, an order was entered appointing Trustee over the Bankruptcy Estate.

TRUSTEE'S MOTION TO SELL DEBTOR'S ART - 1
#787174 v1 / 40572-001

*Law Offices*
**KARR·TUTTLE·CAMPBELL**
*A Professional Service Corporation*

**1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028**
**Telephone (206) 223-1313, Facsimile (206) 682-7100**

Case 10-18668-TWD    Doc 521    Filed 02/04/11    Ent. 02/04/11 15:43:25    Pg. 1 of 3

3. Since appointment, the Trustee and her advisors have diligently searched for assets of the Bankruptcy Estate. Through these efforts, the Trustee has possession of two paintings by Cassandria Blackmore, "Cotton Candy Girl," and "Mardi Gras Girl." (collectively the "*Art*").

4. After being unable to locate a gallery that would take the Art on commission, the Trustee contacted Ms. Blackmore who offered to repurchase the Art for $3,500, payable upon court approval of such sale. Based on insurance values of the Art, the Trustee feels the price offered is a fair one.

5. The Trustee believes that none of the Art is subject to a lien, claim or encumbrance.

### III. STATEMENT OF ISSUES

Whether the Court should enter an Order permitting the Trustee to sell the Art free and clear of liens pursuant to 11 U.S.C. § 363?

### IV. AUTHORITY

This Motion is brought pursuant to Fed. R. Bankr. P. 9013, Local Rule 9013, 11 U.S.C. § 363 and 11 U.S.C. § 105. Bankruptcy Code § 363(b) generally provides that the Trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the Bankruptcy Estate. § 363(f) provides that the Trustee may sell property under subsection (b) free and clear of interests if (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; and (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of the liens on such property. Based on a diligent review of Berg's records, the Trustee believes that none of the Art is subject to any liens, claims, or encumbrances.

Bankruptcy Code § 105(a) permits the Court to enter any order that is necessary or appropriate for the administration of the estate. The Trustee believes that an order of the Court approving the disposition of the Art as contemplated herein is necessary for the administration of the estate.

TRUSTEE'S MOTION TO SELL DEBTOR'S ART - 2
#787174 v1 / 40572-001

*Law Offices*
KARR·TUTTLE·CAMPBELL
*A Professional Service Corporation*

1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Case 10-18668-TWD    Doc 521    Filed 02/04/11    Ent. 02/04/11 15:43:25    Pg. 2 of 3

The Trustee proposes to use the proceeds from the sales contemplated hereby in the normal course or as otherwise approved by the Court.

V. CONCLUSION

For the reasons stated above, the Trustee respectfully requests that the Court enter an order, (i) approving the sale of the Art as contemplated herein, and (ii) declaring that the sale is free and clear of all liens, claims, and encumbrances (if any) and that such liens, claims, and encumbrances (if any), shall attach with the same priority as they currently exist to the net proceeds received by the Trustee from the purchaser of the Art.

DATED this 4th day of February, 2011.

KARR TUTTLE CAMPBELL

By: */s/ Stephen S. McKay*
George S. Treperinas, WSBA #15434
Stephen S. McKay, WSBA #42046
Attorneys for Diana K. Carey, Chapter 11 Trustee

TRUSTEE'S MOTION TO SELL DEBTOR'S ART - 3
#787174 v1 / 40572-001

*Law Offices*
KARR·TUTTLE·CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Case 10-18668-TWD    Doc 521    Filed 02/04/11    Ent. 02/04/11 15:43:25    Pg. 3 of 3